FILED
United States Court of Appeals
Tenth Circuit

October 5, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD WATERHOUSE,

 Petitioner–Appellant,

v.

TIMOTHY HATCH, Warden,

 Respondent–Appellee.

No. 12-2096
(D.C. No. 1:11-CV-00685-JB-CG)
(D.N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Richard Waterhouse, a New Mexico state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C.

§ 2254 habeas petition. We deny a COA and dismiss the appeal.

**I**

In 2002, Waterhouse was indicted on three counts of criminal sexual penetration

of a minor in the first degree and one count of intimidation of a witness in the third

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

degree. He pled guilty to two counts of criminal sexual penetration in the second degree pursuant to the plea agreement. Under that agreement, the district attorney dismissed the remaining claims, and reduced Waterhouse's potential prison term from over 103.5 years to twenty-six years. Waterhouse was sentenced to twenty-two years' imprisonment with four years suspended. The New Mexico Court of Appeals dismissed Waterhouse's direct appeal, and the New Mexico Supreme Court quashed a writ of certiorari after initially granting it.

Waterhouse timely filed a § 2254 habeas petition, asserting ineffective assistance of counsel due to the failure of various court-appointed attorneys to investigate his case, and to correctly advise him of his sentencing exposure. Waterhouse's petition was reviewed by a magistrate judge, who recommended that the petition be denied because Waterhouse failed to show that he would have declined the state's plea offer but for his attorneys' errors. Over Waterhouse's objections, the district court adopted the magistrate judge's recommendations and dismissed the petition.

## II

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. 28 U.S.C. § 2253(c)(1). We will grant a COA only if Waterhouse shows "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484

(2000) (quotations omitted). To prevail on the merits, Waterhouse must demonstrate that the state court's adjudication of his claims either "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" or was "contrary to, or involved an unreasonable application of, clearly established Federal law." § 2254(d)(1), (2).

We are in substantial agreement with the reasoning of the district court and conclude that reasonable jurists could not debate its rulings. To succeed on an ineffective assistance of counsel claim, a litigant must show that his counsel's performance fell below an objective standard of reasonableness and that there was a reasonable probability that his counsel's deficiencies influenced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668 (1984). However, when "a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial, the defendant will have to show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Missouri v. Frye, 132 S. Ct. 1399, 1409 (2012) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

On appeal, Waterhouse advances several arguments. First, he contends that his counsel failed to discover "valuable exculpatory facts." Waterhouse alleges that the victim told inconsistent stories about the molestation, that the victim's mother eventually doubted her daughter's version of events, and that he could not have had access to the victim during the time indicated in the indictment because he lacked custody of the

victim. However, we agree with the district court's conclusion that Waterhouse has not demonstrated prejudice. He has not shown that "but for counsel's errors, he would not have pleaded guilty." Hill, 474 U.S. at 58 (quotation omitted).

Second, Waterhouse argues that the district court erred in concluding that his counsel's failure to secure expert testimony was not prejudicial. Had counsel consulted with an expert witness regarding the victim's credibility, Waterhouse claims, they would have discovered her "truth-telling problem" and motives to fabricate charges against Waterhouse. While this failure may have constituted deficient performance under Strickland, we agree with the district court in its determination that the potential value of such expert testimony would be speculative. See Boyle v. McKune, 544 F.3d 1132, 1138-39 (10th Cir. 2008) (claim that medical experts could have refuted evidence of non-consensual sexual contact is too speculative to demonstrate prejudice).

Finally, Waterhouse contends that the district court ignored evidence of prejudice due to severe understaffing at the Public Defender's office and his counsel's erroneous sentencing advice. Waterhouse's counsel incorrectly informed him that the Earned Meritorious Deduction Act, N.M. Stat. § 33-2-34 ("EDMA") would not apply to his sentence, and that Waterhouse would serve only fifty percent of his sentence, rather than the eighty-five percent actually required. Despite the clear error of this advice, the state court reasonably concluded that accurate advice about EDMA would not have changed Waterhouse's decision to plead guilty. Offering only conclusory statements that he

– 4 –

would not have pled guilty but for the information about EDMA, Waterhouse fails to overcome the deference we owe to the state court's determination. See § 2254(d).

## III

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge